LAURA E. INLOW, SB# 130584
E-Mail: inlow@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendants, COUNTY OF LOS ANGELES; SERGEANT JOHN HANSON; DEPUTY OSCAR CALDERON; DEPUTY WILLIAM CORDERO; DEPUTY JUSTIN WALTER; DEPUTY STEPHEN SCHNEIDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

RONALD JOHNSON, an individual; and JACKIE JOHNSON, an individual,

Plaintiffs,

v.

COUNTY OF LOS ANGELES, a governmental entity; LOS ANGELES SHERIFF'S DEPARTMENT SERGEANT JOHN HANSON, an individual; LOS ANGELES SHERIFF'S DEPARTMENT DEPUTY OSCAR CALDERON, an individual; LOS ANGELES SHERIFF'S DEPARTMENT DEPUTY WILLIAM CORDERO, an individual; LOS ANGELES SHERIFF'S DEPARTMENT DEPUTY JUSTIN WALTER, an individual; LOS ANGELES SHERIFF'S DEPARTMENT DEPUTY STEPHEN SCHNEIDER; and DOES 1 to 10,

Defendants.

CASE NO. CV09-08252 SJO AJWx

Action Filed: November 12, 2009
Judge: Honorable S. James Otero
Courtroom 1 - 2nd Floor
Trial Date: November 16, 2010

**PROTECTIVE ORDER REGARDING DISCLOSURE OF LAW ENFORCEMENT PERSONNEL RECORDS AND RELATED DOCUMENTS**

**ORDER**

IT IS ORDERED:

That defendants shall provide to counsel for plaintiffs:

1. Redacted copies of all records or reports filed, pending, completed, and/or otherwise made in connection with the incident of October 23, 2008, involving



LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

plaintiffs by defendants, or a declaration of the custodian of records that no such documents exist. The names and other personal identifying information as to any law enforcement personnel other that defendants shall be redacted from such report prior to production.

2. Copies of the photographs, audiotapes, or videotapes pertaining to the incident of October 23, 2008, involving plaintiffs.

3. Those portions of the Sheriff's Department's Policy and Procedures Manual or other training materials as agreed upon by counsel in their meet-and-confer and/or cited in defendants' discovery responses.

4. Redacted copies of the Personnel Files of defendants as may be ordered by the court.

IT IS FURTHER ORDERED:

1. Counsel for plaintiffs shall not convey, transfer, publish, distribute, copy, duplicate, or disseminate the records so produced, or information from such records so produced, except as may be reasonably necessary for the prosecution of this litigation by communicating with investigators, consultants and experts retained on behalf of the plaintiffs in this matter. Neither the materials produced nor their contents shall be shown to, recited to, provided to or disseminated to, directly or indirectly, any Plaintiff herein.

2. Prior to dissemination of any confidential materials produced pursuant to this order to investigators, consultants or experts retained on behalf of plaintiffs, counsel for plaintiffs shall inform such persons of the terms and conditions of this order and secure such person's agreement, in writing, to be bound by it.

3. Copies of any records produced to counsel for plaintiffs pursuant to this order shall be distinctively marked, provided that such marking does not obscure or obliterate the content of any record and may be stamped with the following language: "CONFIDENTIAL – UNLAWFUL TO DUPLICATE."

/ / /



4. In the event of dissemination of any confidential materials produced pursuant to this order, copies of said materials must also bear the following language: "CONFIDENTIAL – UNLAWFUL TO DUPLICATE".

5. Upon final conclusion of the present litigation, all copies (by whomever made) of materials ordered disclosed pursuant to this order shall be returned to counsel for defendants, who will then return them to the appropriate authorities of the Los Angeles County Sheriff's Department or shall destroy said documents, at Defendants' option.

6. This order shall not preclude plaintiffs from presenting any and all evidence at trial, subject to all available and legitimate trial objections, and shall not preclude, limit and/or interfere with the plaintiffs' rights to any and all further discovery.

7. Copies of the records and information contained therein produced pursuant to this order shall not be used for any other purpose than in connection with this litigation.

8. In the event counsel deems it necessary to file copies or portions of copies of any document covered by this Protective Order, such document(s) shall be lodged under seal.

9. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may immediately apply to obtain injunctive relief and monetary sanctions to this court against any such person violating or threatening to violate any of the terms of this order. This court shall retain jurisdiction over the parties and any other persons subject to the terms of this order for the purpose of enforcing this order. The court shall have the power to impose whatever penalties it deems appropriate for the violation of said order, including, but not limited to, monetary and judicial sanctions and contempt.

/ / /

/ / /

10. This order shall survive the final termination of this action, to the extent that the information or documents disclosed remains confidential and does not become known to the public, and the court shall retain jurisdiction to resolve any dispute concerning the use of the information or documents disclosed herein.

11. All personal identifying information shall be redacted, without waiver to any party's right to subsequently seek disclosure of such redacted information for good cause shown.

IT IS SO ORDERED.

DATED: June 23, 2010



Andrew J. Wistrich
U.S. Magistrate Judge